IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,149-01 & WR-72,149-02






EX PARTE JAMES EARL RAY, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NO. 13, 615-A & 15, 049-A IN THE 173RD DISTRICT COURT


FROM HENDERSON COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
of a controlled substance with intent to deliver and sentenced to twenty years' imprisonment, and
delivery of a controlled substance and sentenced to twenty-two years' imprisonment. He did not
appeal his convictions.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance by failing
to convey a plea bargain offer and informing Applicant that he would receive probation in exchange
for his open plea of guilty. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether the State, through D. Bennett, offered
Applicant a plea bargain agreement of ten years' imprisonment with both sentences to run
concurrently (such offer was allegedly dated October 9, 2006). If such an offer was made by the
State, the trial court shall make findings as to whether or not that offer was conveyed to Applicant. 
The trial court shall make findings as to whether counsel made any assurances to Applicant as to
what sentence he would receive in exchange for his plea of guilty. The trial court shall make
findings of fact as to whether the performance of Applicant's trial attorney was deficient and, if so,
whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 24, 2009

Do not publish